Torba v. Barr

BIA
Wright, IJ
A078 280 102

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7ᵗʰ day of August, two thousand nineteen.

PRESENT:
>    JOHN M. WALKER, JR.,
>    JOSÉ A. CABRANES,
>    BARRINGTON D. PARKER,
>        *Circuit Judges.*

_____

ERMAL TORBA,
>        *Petitioner,*

>    v.                                    17-1752
                                          NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Jon E. Jessen, Stamford, CT.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Song Park,
                         Senior Litigation Counsel;
                         Victoria M. Braga, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of
                         Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ermal Torba, a native and citizen of Albania, seeks review of a May 4, 2017, decision of the BIA affirming a March 2, 2016, decision of an Immigration Judge ("IJ") denying Torba's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ermal Torba,* No. A 078 280 102 (B.I.A. May 4, 2017), *aff'g* No. A 078 280 102 (Immig. Ct. N.Y. City Mar. 2, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Substantial evidence supports the agency's determination that Torba's claim of past persecution based on his political opinion was not credible. Nor did the agency err in finding that Torba did not demonstrate a well-founded fear of future persecution on account of a blood feud.

2

Adverse Credibility Determination

Torba filed for asylum before May 11, 2005, so his application is not subject to the credibility provisions of the REAL ID Act. *See* REAL ID Act of 2005, Div. B of Pub. L. No. 109-13, 119 Stat. 302, 303 (2005) (codified at 8 U.S.C. § 1158(b)(1)(B)(iii)); *In re S-B-*, 24 I. & N. Dec. 42, 45 (BIA 2006). "We review the IJ's adverse credibility finding under the substantial evidence standard, which requires that the decision be supported by 'reasonable, substantial and probative evidence in the record.'" *Diallo v. U.S. Dep't of Justice*, 548 F.3d 232, 234 (2d Cir. 2008) (quoting *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 116 (2d Cir. 2007)). Inconsistencies and other discrepancies in the evidence are often sufficient to support an adverse credibility determination, but they "need not necessarily be fatal . . . if the disparities are relatively minor and isolated and do not concern material facts," and the testimony is otherwise "generally consistent, rational, and believable." *Id.* (quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir. 2006)). A discrepancy generally must be substantial when measured against the record as a whole, *Secaida-Rosales v. INS*, 331 F.3d 297, 308 (2d Cir. 2003), but

3

"even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, . . . the cumulative effect may nevertheless be deemed consequential by the fact-finder," *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (internal citations and quotation marks omitted). Substantial evidence supports the agency's determination that Torba was not credible.

First, Torba's inconsistent testimony at the 2002 and 2013 hearings provides substantial evidence for the adverse credibility determination. *See Diallo*, 548 F.3d at 234. The IJ reasonably relied on his inconsistent statements regarding whether he recognized the individuals who assaulted him in February 1999 because it related to both an alleged act of persecution and whether the perpetrators targeted him on account of his political opinion. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "'a material inconsistency in an aspect of [the applicant]'s story that served as an example of the very persecution from which he sought asylum' . . . afforded substantial evidence to support the adverse credibility finding" (quoting *Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005))). The IJ also reasonably relied on a more minor

4

inconsistency—whether Torba was the driver or passenger of a car that was allegedly shot at by socialists in a later incident—particularly as the incident was the one that prompted him to leave Albania.  See *Tu Lin*, 446 F.3d at 402. The discrepancy regarding the time Torba spent in hiding at his uncle's house—for two to six months or a year and a half— is substantial as it relates to whether he feared further persecution.  *See Xian Tuan Ye*, 446 F.3d at 295.  And Torba's testimony was inconsistent with his written statement regarding whether an altercation with the police occurred during a funeral or a demonstration after a funeral.  *See Tu Lin*, 446 F.3d at 402.  The agency was not required to accept Torba's explanation that the inconsistencies should be excused because of the time that passed between hearings, particularly given the centrality of some of the inconsistencies to the incidents of alleged persecution.  *See Majidi*, 430 F.3d at 80-81 (holding that an agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

Second, the adverse credibility determination is bolstered by the IJ's finding that Torba failed to

5

rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Torba has waived and failed to exhaust any challenge to the corroboration finding. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (requiring petitioner to exhaust issues before the BIA); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Well-Founded Fear of Future Persecution

The agency also did not err in finding that Torba did not demonstrate that he would be harmed as a "young Torba male" as a result of a blood feud. Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which must be both subjectively

6

credible and objectively reasonable, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

The agency reasonably concluded that Torba did not demonstrate an objectively reasonable fear of future persecution. *See id.* Torba did not report any direct threats to himself and, although his father has been threatened, he has not been harmed. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (holding that a fear of persecution is undermined when similarly-situated family members remain unharmed in native country). Torba provided no support for his claim that he is at an increased risk of harm because of his long residence in the United States. Furthermore, the agency reasonably gave diminished weight to the alleged certification of the blood feud because the code it references was not produced, it was signed by someone named Torba, and the document's 2011 date was handwritten over the original date. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence"). Accordingly, the agency reasonably concluded that there was insufficient evidence that the Torba would be singled out for harm as a result of this blood feud.

7

Because Torba was unable to establish past persecution or well-founded fear of future persecution to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal and CAT protection. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court